**Ralphael OKORO, Plaintiff–Appellant,**

v.

**Jackie GARNER, Director of Illinois Department of Public Aid, et al., Defendants–Appellees.**

**No. 00–3743.**

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 16, 2001 *.

Decided Oct. 22, 2001.

Rehearing En Banc Denied
Dec. 10, 2001.

Before Hon. BAUER, Hon.
EASTERBROOK, Hon. TERENCE T.
EVANS, Circuit Judges.

## ORDER

Ralphael Okoro appeals the dismissal of his complaint alleging that officials in the Illinois Department of Public Aid (IDPA) violated his civil rights and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, by mailing him demands for payment of back child support while he was incarcerated. The district court dismissed the claim for lack of subject matter jurisdiction, and also reasoned that the complaint failed to state a claim

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

488

and should be dismissed under 28 U.S.C. § 1915A.  We affirm.

In 1990 and 1992 Illinois courts ordered Okoro to pay support for his two children. After his 1993 conviction on drug charges, Okoro notified IDPA that his incarceration made it impossible for him to continue paying support, but the agency continued sending him delinquency notices.  Ultimately Okoro received a "Notice of Intent to Pursue Collection," although IDPA promptly rescinded that communication and advised Okoro that it had been sent in error.  Okoro wrote several times asking IDPA to stop sending him further demands for payment.

IDPA did not stop, and so Okoro sued its director and several employees in the Eastern District of Michigan, where he is incarcerated.  Okoro complained that the defendants, individually and in their official capacities, carried out a "rogue policy" of "purposeless harassment" and unfair debt collection practices.  He asked that the district court relieve him of all child support accrued during his incarceration and order each defendant to pay him $156 million in compensatory and punitive damages.  The court in Michigan transferred the lawsuit to the Central District of Illinois.

■ The district court correctly discerned that it lacked subject matter jurisdiction over Okoro's demand for modification of the amount of child support he owes.  Child support obligations are matters within the realm of state domestic relations law, see United States v. Kramer, 225 F.3d 847, 853 (7th Cir.2000), and regardless lower federal courts are precluded by the Rooker–Feldman doctrine from reviewing state-court judgments, such as the award of child support in this case, see, e.g., T.W. by Enk v. Brophy, 124 F.3d 893, 898 (7th Cir.1997) (applying Rooker–Feldman to child custody decisions).

■ The district court also correctly determined that it lacked jurisdiction over Okoro's claims that IDPA's collection methods violated the Eighth Amendment and the FDCPA.  No federal subject matter jurisdiction exists in this case because Okoro's claims are "so attenuated and unsubstantial as to be absolutely devoid of merit."  Gammon v. GC Serv. Ltd. P'ship, 27 F.3d 1254, 1256 (7th Cir.1994) (citations omitted).  Okoro's Eighth Amendment claim—that IDPA's letters caused him "intense emotional distress"—is patently frivolous.  Equally frivolous is Okoro's claim under the FDCPA, since the statute exempts "any officer or employee of ... any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties."  15 U.S.C. § 1692a(6)(c); see Heredia v. Green, 667 F.2d 392, 394 (3rd Cir.1981) (holding that a state officer was exempt from the FDCPA where his acts were within his official duties).  Collecting child support that is due parents on public aid is a duty of IDPA employees, see 20 Ill. Comp. Stat. 2205/48a, and they are therefore exempt from suit under the FDCPA for doing so. Furthermore, child support is not an "obligation ... of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes."  15 U.S.C. 1692a(5); see Mabe v. G.C. Servs. Ltd. P'ship, 32 F.3d 86, 88 (4th Cir.1994) (holding that child support obligations are not "debts" within the scope of the FDCPA).

Okoro has incurred a strike under the Prison Litigation Reform Act, see 28 U.S.C. § 1915(g), for this frivolous appeal of a frivolous suit.  He has also received strikes from the district court in this case and in case 96–CV–8437.  This brings Okoro's total number of strikes to three.  Ac-

cordingly, he is barred from bringing future suits *in forma pauperis.  See id.*

The judgment of the district court is AFFIRMED.